# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALFINITI, INC.,**

    **Plaintiff,**

**v.**                                                                                   Case No: 6:17-cv-1382-Orl-LRH

**PRIME GLOBAL GROUP, INC, 6
AVIATOR WAY, LLC, M & R GLOBAL
CONSULTING GROUP, LLC, TALON
MANAGEMENT LLC, STEPHEN J.
HONCZARENKO and MARYANN
HONCZARENKO,**

    **Defendants.**

## ORDER

On April 8, 2019, at the Court's direction, the parties filed a Joint Notice of Submission of Proposed Order, (Doc. 79), to which they attached a proposed order (Doc. 79-1 at 1-5 (Proposed Order)) and their settlement agreement (*Id*. at 6-10 (Settlement Agreement)). According to the parties, this proposed order would resolve all outstanding issues in this case and, if entered, would result in a dismissal of the case without prejudice (*Id*.).

Upon review of the Proposed Order, the Court entered an order on April 15, 2019 (Doc. 81 (Order)). In that Order, the Court discussed the following proposed provisions:

> The remainder of the Proposed Order addresses the Parties' Settlement Agreement (a copy of which is attached to the Proposed Order) and states that the Court: (1) will approve and incorporate the Settlement Agreement; (2) will modify the existing Settlement Agreement by changing deadlines for certain monthly payments; (3) will retain jurisdiction over the case to enforce the Settlement Agreement as modified; and (4) will dismiss the case without prejudice. (Doc. 79-1 at 3-4). The Proposed Order further provides that the Parties will "waive[] notice of the entry of this Order and the right to appeal therefrom or to test its validity." (*Id*. at 4). Lastly, the Proposed Order directs the Plaintiff to file with the Court and serve upon the Defendants on or before October 10, 2019 a status report, and if all

payments have been timely made, the Plaintiff shall file a notice of dismissal with prejudice (*Id.*).

(Doc. 81 at 2). The Court identified several concerns with these proposed provisions: 1) the propriety of approving the parties' Settlement Agreement in addition to retaining jurisdiction to enforce it; 2) the lack of a modification provision in the Settlement Agreement that would permit the modifications to the Settlement Agreement contained in the Proposed Order; and 3) the propriety of depriving the parties' of their right to notice and appeal from the Proposed Order, if it were entered. (*Id.* at 2-3). Given these concerns, the Court stated that it intended to simply "dismiss the action without prejudice, and to retain jurisdiction to enforce the Settlement Agreement in its original form." (*Id.* at 3). However, before the Court took any action, it provided the parties with an opportunity to file a written response addressing why the concerning provisions of the Proposed Order should be included in the Court's final order. (*Id.*).

On April 24, 2019, the parties filed a response to the Order. (Doc. 82). In their response, the parties state that they are not aware of any requirements that justify or require the Court to include the concerning provisions discussed in the Order. (*Id.* at 1-2). As such, the parties represent that they "would not oppose" the entry of an order "dismissing the action without prejudice, and retaining jurisdiction to enforce the Settlement Agreement in its original form." (*Id.* at 2).

Upon consideration of the parties' response to the Order, the Court declines to enter the Proposed Order. Instead, the Court finds it appropriate to dismiss the case without prejudice and retain jurisdiction to enforce the Settlement Agreement in its original form.

Accordingly, it is **ORDERED** that:

1. The Court **REJECTS** the parties' Proposed Order (Doc. 79-1 at 1-5).

2. The case is **DISMISSED WITHOUT PREJUDICE**.

3. The Court **RETAINS** jurisdiction to enforce the parties' Settlement Agreement without any proposed extracontractual modifications (Doc. 79-1 at 6-10).

4. All pending motions are **DENIED AS MOOT**.

5. The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties